COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Huff and Lorish
Argued at Norfolk, Virginia


BRANDON RAHSAAN MOORE

MEMORANDUM OPINION* BY
v.        Record No. 0942-22-1            JUDGE LISA M. LORISH
MAY 30, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

J. Brady Hess, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Brandon Rahsaan Moore argues that the statutory exclusionary rules added to Code

§§ 46.2-1003 and 4.1-1302(A), effective in March and July of 2021 respectively, applied at his

trial after those dates even though the search of his vehicle occurred before the laws took effect.

Our recent precedent forecloses this argument.  Thus, we affirm.

BACKGROUND

In October 2020, two law enforcement officers saw Moore driving in the City of Norfolk

without a working third brake light and stopped his vehicle for that reason.  When the officers

approached Moore's car, they immediately smelled marijuana.  Based on the smell of marijuana,

they told Moore and his passenger to get out of the vehicle.  Then they searched the car.  The

search produced a firearm (that Moore had told officers they would find) and containers with

suspected narcotics.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

In March 2022, Moore filed a motion *in limine* seeking to exclude any evidence obtained as a result of the stop and search. He challenged the validity of the stop based on Code § 46.2-1003(C), and he argued the smell of marijuana did not justify the search under Code § 4.1-1302(A). Neither statute was in effect in 2020 when law enforcement stopped, and searched, Moore's vehicle. For this reason, the trial judge found the new laws did not apply.[1] Moore appeals.

## ANALYSIS

The General Assembly added subsection (C) to Code § 46.2-1003 in November 2020, effective March 1, 2021. *See* 2020 Va. Acts Spec. Sess. I chs. 45, 51; *see also* Va. Const. art. IV, § 13 (providing effective date for laws enacted during special session); Code § 1-214(B) (same). The subsection provides that "[n]o law-enforcement officer shall stop a motor vehicle" for illegal use of defective or unsafe equipment. Code § 46.2-1003(C). Moreover, "[n]o evidence discovered or obtained as the result of" such a stop, "including evidence discovered or obtained with the operator's consent, shall be admissible in any trial, hearing, or other proceeding." *Id.*

Code § 4.1-1302(A), which became effective on July 1, 2021, provides as follows:

> No law-enforcement officer . . . may lawfully stop, search, or seize any person, place, or thing and no search warrant may be issued solely on the basis of the odor of marijuana[,] and no evidence discovered or obtained pursuant to a violation of this subsection, including evidence discovered or obtained with the person's consent, shall be admissible in any trial, hearing, or other proceeding.

*See* 2021 Va. Acts Spec. Sess. I chs. 550, 551. Before that date, from March 1 to June 30, 2021, Code § 18.2-250.1(F) set out similar provisions.

---

[1] Judge Michelle J. Atkins presided at the hearing on Moore's motion *in limine*. Judge John R. Doyle, III presided at the hearing on Moore's guilty plea and entered the final sentencing order in this matter.

Moore argues the two new laws are procedural and so the trial court erred by ruling they would not apply at his trial occurring after the laws became effective. "When challenging the denial of a motion to suppress evidence on appeal, the defendant bears the burden of establishing that reversible error occurred." *Street v. Commonwealth*, 75 Va. App. 298, 303-04 (2022) (quoting *Mason v. Commonwealth*, 291 Va. 362, 367 (2016)). "Whether a statute should be applied retroactively is . . . a question of law that an appellate court reviews *de novo*." *Id*. at 304.

At oral argument, Moore's counsel acknowledged that intervening precedent has conclusively resolved the issues presented here. In *Street*, this Court held that Code § 4.1-1302(A) did not apply retroactively. *Id.* at 307-10. Counsel also acknowledged that the language in Code § 46.2-1003(C) is indistinguishable from the language this Court analyzed in *Street*, and so the same result applies.

As this Court has explained in many recent cases, "a statute is always construed to operate prospectively unless a contrary legislative intent is manifest." *Montgomery v. Commonwealth*, 75 Va. App. 182, 190 (2022) (quoting *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021)). In the case of a "purely procedural statutory change," the statute "will apply prospectively to any procedure or process occurring after its effective date irrespective of when any cause of action or criminal offense may occur." *Id.* at 191; *see also* Code § 1-239 ("proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings").

We have held that Code § 4.1-1302(A) creates a "right" and sets out a "remedy" for when that right is violated. *Street*, 75 Va. App. at 307. "[T]he 'right' prong—entitling individuals to be free from specified searches and seizures based solely on the odor of marijuana—did not exist prior to the effective date of the . . . statute." *Id.* The exclusionary "remedy" prong of the statute is contingent upon a "violation" of the "right" prong of the statute, so we concluded that the law

does not apply retroactively to reach a "violation" that occurred before the law took effect. *Id.* We found it significant that the legislature used the language "pursuant to a violation of this subsection" rather than using more general language like "evidence obtained in such a manner." *Id.* at 308 (emphasis omitted). Our decision in *Street* resolves Moore's challenge to the search under Code § 4.1-1302(A).

The reasoning in *Street*, repeated and applied in *Hogle v. Commonwealth*, 75 Va. App. 743 (2022), also resolves the challenge to the stop under Code § 46.2-1003(C).[2] In *Hogle*, we examined whether Code § 46.2-646(E), a statute prohibiting police stops for expired registration, applied retroactively to suppress evidence obtained in violation of the statute. The expired registration statute contained an exclusionary rule identical to Code § 46.2-1003(C), prohibiting the admissibility of any evidence "discovered or obtained as the result of a stop in violation of this subsection." In *Hogle*, we again affirmed that the exclusionary provision "did not entitle Hogle to the suppression of the evidence obtained and discovered as a result of the stop of his vehicle in 2019 because the subsection, by its express terms, did not apply retroactively to the time of the stop." 75 Va. App. at 752.

The stop of Moore's car based on defective equipment would be unlawful under the current Code § 46.2-1003(C), but that provision did not take effect until March 1, 2021. When Moore's car was stopped in 2020, the evidence uncovered was not "'the result of a stop in violation of th[e] subsection' 'because one cannot violate a statute or break a rule that does not exist. Because the [subsection] was not in effect at the time of the search, no law enforcement

___

[2] An unpublished decision of this Court reached the same conclusion, finding that the exclusionary rule in Code § 46.2-1003(C) does not apply when the challenged stop occurred before the statute took effect. *Swinson v. Commonwealth*, No. 0351-22-3, 2023 WL 1111688 (Va. Ct. App. Jan. 31, 2023).

officer could have violated it.'" *Id.* at 751-52 (alterations in original) (quoting *Montgomery*, 75 Va. App. at 196).

Under our precedent, neither the exclusionary provision in Code §§ 4.1-1302(A) nor 46.2-1003(C) entitled Moore to the suppression of the evidence obtained and discovered as a result of the stop and search of his vehicle in 2020.

CONCLUSION

For these reasons, we affirm.

*Affirmed.*